McMILLAN, Judge.
The appellant, K.W., appeals from an order of the juvenile judge committing her to the care of the Department of Youth Services for one year, suspended, and ordering her to complete 25 hours of community services.
The record indicates that the following petition was filed in the juvenile court alleging that the appellant was “a child in need of supervision” and
“ungovernable in that she disobeys the reasonable and lawful demands of [her] parents, guardian or other custodian and is beyond their control, to wit: she is uncontrollable at school; she has been suspended for having marijuana on school grounds, she has used profanity and threatened another student at school [and entered in handwriting was: ‘disobeys reasonable demands of parent’].”
Rule 28(a)(2), Ala.R.Juv.P., provides:
“If the appeal provided in this subsection is taken from a final order, judgment or decree in a ease or proceeding arising out of the jurisdiction of the juvenile court over a child, as such term is defined in Section 12-15-1(3), Code of Alabama 1975, the appropriate appellate court for purposes of the appeal shall be (a) the Court of Criminal Appeals in proceedings in which a child is adjudicated delinquent and proceedings in which a motion seeking an order to transfer a child to the adult court for criminal prosecution is either granted or denied, and (b) the Court of Civil Appeals in any other ease or proceeding.”
It is not clear from the record whether this case involves an adjudication of delinquency (possession of marijuana), in which case this court would be the proper appellate court for purposes of appeal or if it involves a petition of a child in need of supervision based on ungovernable behavior; in which case the appeal would be with the Court of Civil Appeals. See § 12-15-8, Code of Alabama 1975, and § 12-15-4(b), Code of Alabama 1975, respectively.
Neither the juvenile judge’s written order nor his oral order at the close of the disciplinary hearing determined that the appellant was delinquent, but rather found her to be a child in need of supervision.
This cause is, therefore, remanded to the juvenile court with instructions to conduct a hearing in which the parties and the court *1197 can clarify the nature of the charges. Due return shall be made to this court within 45 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.
All Judges concur.