LONG, Presiding Judge.
In May 1999, delinquency petitions charging the appellant, D.D.W., a 14-year-old male, with receiving stolen property in the second degree and with the unlawful *445 possession of a controlled substance were filed in the Juvenile Court of Jefferson County.
After a hearing, at which the State presented evidence in support of the charges in the petitions, the judge entered the following order:
“After sworn testimony and argument of counsel, this Court finds that pursuant to the General Purpose Clause of the Juvenile Justice Act, Title 12-15-1.1, said child is placed on deferred prosecution status under the following terms of supervision:
“1. Obey the law.
“2. Report to the Case Worker, Ken Duncan, as instructed.
“3. Properly conduct himself at home and school.
“4. Complete the ASAP Program.
“5. Have no contact with victim or victim’s property.
“Probation Officer to submit a report before this Court in 6 months for compliance. Any party may appeal this decision within 14 days from entry of judgment by filing written notice with the Clerk of this Court and the Court of Civil Appeals.”
(C. 3.)
D.D.W. appeals to this court, arguing that the judge could not place him under court supervision, as it did, without finding the charges in the delinquency petitions to be true and without adjudicating him delinquent. D.D.W. also challenges the sufficiency of the evidence in support of the charges in the petitions.
Rule 28(A), Ala.R.Juv.P., which pertains to appeals from final orders, judgments, or decrees of the juvenile court, provides in pertinent part:
“(2) If the appeal provided in this subsection is taken from a final order, judgment, or decree in a case or proceeding arising out of the jurisdiction of the juvenile court over a child, as such term is defined in § 12-15-1(3), Code of Alabama 1975, the appropriate appellate court for purposes of the appeal shall be (a) the Court of Criminal Appeals in proceedings in which a child is adjudicated delinquent and proceedings in which a motion seeking an order to transfer a child to the adult court for criminal prosecution is either granted or denied, and (b) the Court of Civil Appeals in any other case or proceeding.”
Although the judge heard evidence in support of the charges in the delinquency petitions, there is, as D.D.W. suggests, nothing in the record indicating that the judge found the charges in the petitions to be either true or false, and there is nothing in the record indicating that D.D.W. was adjudicated delinquent. While there are expressions in the judge’s order suggesting that the judge merely intended to suspend the proceedings and to continue D.D.W. under supervision, there is nothing in the record indicating that if this was the judge’s purpose it was effected with the necessary agreement of the parties, as outlined in the consent-decree provisions of Rule 16, Ala.R.Juv.P. (allowing for suspension of the delinquency proceedings and continuation of the case without adjudication, given certain terms and conditions of supervision negotiated with probation services, with the agreement of all parties). Indeed, the fact that D.D.W. has appealed from the judge’s order suggests that D.D.W. did not agree to the entry of a consent decree.
This cause is therefore remanded to the juvenile court with directions for the judge to clarify his order and the nature of the proceedings in the juvenile court and, if necessary, to hold further proceedings in this matter. Cf. K.W. v. State, 697 So.2d 1196 (Ala.Crim.App.1996). Due return *446 shall be made to this court within 28 days of the release of this opinion.
REMANDED WITH DIRECTIONS. 
McMILLAN, COBB, BASCHAB, and FRY, JJ., concur.